IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FRANK TUFANO,                          : Civil No. 3:24-CV-1116
                                       :
            Plaintiff,                 :
                                       : (Judge Munley)
      v.                               :
                                       : (Chief Magistrate Judge Bloom)
                                       :
TIKTOK INC.,                           :
                                       :
            Defendant.                 :

REPORT AND RECOMMENDATION

## I. Factual Background

This case comes before us for a screening review of the plaintiff's *pro se* civil complaint. The plaintiff, Frank Tufano, brings this action against TikTok, Inc., alleging a violation of the Sherman Antitrust Act and the Federal Trade Commission Act ("FTCA"). (Doc. 1). The complaint asserts that Tufano, who owns online retail stores, was banned from using TikTok's "promote" feature to promote and profit from his online businesses. (*Id.* at 1-2). Tufano asserts that he "suspects" TikTok favors large businesses over small businesses, like his, and thus, "is very likely internally regulating algorithms and users in favor of large corporate entities." (*Id.* at 2). The complaint asserts that such conduct is a violation

of the Sherman Act and the FTCA. (*Id.* at 2-4). Tufano also appears to assert various claims, such as "refusal to deal" and "monopoly power" without any supporting legal authority and makes a request for pre-complaint discovery under Pennsylvania law. (*Id.* at 3-5).

Along with his complaint, Tufano filed a motion for leave to proceed *in forma pauperis*. (Doc. 2). We denied Tufano's initial motion, finding that his application for *in forma pauperis* status was incomplete. (Doc. 4). Tufano filed a renewed motion for leave to proceed *in forma pauperis* (Doc. 5), which we will conditionally grant, but after a screening review, we recommend that this complaint be dismissed.

## II. Discussion

### A. Screening of *Pro Se* Complaints – Standard of Review

We have a statutory obligation to preliminarily review *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). We review such complaints to determine whether there are frivolous or malicious claims, or if the complaint fails to state a claim upon which relief may be granted. *Id.* This statutory preliminary screening mirrors review under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides for dismissal of a complaint for

"failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

With respect to this legal benchmark, under federal pleading standards a plaintiff is required to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In determining whether a complaint states a claim for relief under this pleading standard, a court must accept the factual allegations in the complaint as true, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and accept "all reasonable inferences that can be drawn from them after construing them in the light most favorable to the non-movant." *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court is not required to accept legal conclusions or "a formulaic recitation of the elements of a cause of action." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

As the Third Circuit Court of Appeals has aptly summarized:

[A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the

complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Phillips*, 515 F.3d at 234–35. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

Generally, when considering a motion to dismiss, a court relies on the complaint and its attached exhibits, as well as matters of public record. *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). A court can also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Additionally, if the complaint relies on the contents of a document not physically attached to the complaint but whose authenticity is not in dispute, the court may consider such document in its determination. *See Pryor v.*

*Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on any other part of the record when deciding a motion to dismiss. *Jordan*, 20 F.3d at 1261.

Finally, when reviewing a *pro se* complaint, we are reminded that such complaints are to be construed liberally, "so 'as to do substantial justice.'" *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) (quoting Fed. R. Civ. P. 8(f)). We must apply the relevant law even if the *pro se* plaintiff does not mention it by name. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (citing *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002)). However, a *pro se* complaint must still meet the basic requirements of Federal Rule of Civil Procedure 8, which states that a complaint must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

## B. The Plaintiff's Complaint Should be Dismissed.

As we have explained, Tufano asserts his claims under the Sherman Act and the FTCA. (*See* Doc. 1). "The Sherman Act . . . prohibits contracts, combinations or conspiracies 'in restraint of trade.'" *City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 267 (3d Cir. 1998) (quoting 15 U.S.C. § 1)). If an agreement's "nature and necessary effect [is] so plainly anticompetitive that no elaborate study of the industry is needed to establish [its] illegality—[it is] 'illegal *per se.*'" *Nat'l Soc. of Professional Engineers v. United States*, 435 U.S. 679, 692 (1978). Otherwise, a court must undertake the "rule of reason" analysis and look at "the facts peculiar to the business, the history of the restraint, and the reasons why it was imposed" to determine if such an agreement is illegal. *Id.* Under the "rule of reason" analysis, a plaintiff must show:

> (1) that the defendants contracted, combined, or conspired among each other; (2) that the combination or conspiracy produced adverse, anti-competitive effects within relevant product and geographic markets; (3) that the objects of and the conduct pursuant to that contract or conspiracy were illegal; and (4) that the plaintiffs were injured as a proximate result of that conspiracy.

*Tunis Bros. Co., Inc. v. Ford Motor Co.*, 952 F.2d 715, 722 (3d Cir. 1991) (internal citations and quotation marks omitted).

6

Here, Tufano has failed to allege any facts showing an agreement or conspiracy between TikTok and another entity that would qualify as an illegal restraint on trade in violation of the Sherman Act. Tufano has not named any other entity as a defendant, nor has he alleged that TikTok contracted or conspired with another entity resulting in an injury to Tufano. Rather, he alleges that he "suspects" that TikTok "favors" larger business entities, and that it is "very likely" that TikTok is internally regulating its algorithms in favor of larger business entities. (Doc. 1 at 1-3). These allegations, in our view, fall far short of alleging the requisite agreement or conspiracy required to state a claim for a Sherman Act violation. Accordingly, this claim should be dismissed.

Moreover, while Tufano purports to bring a claim under the Federal Trade Commission Act, "[t]he FTCA does not provide such a private right of action." *Kaiser v. Dialist Co. of Texas*, 603 F. Supp. 110, 111 (W.D. Pa. 1984); *Skypala v. Mortgage Electronic Registration Systems, Inc.*, 655 F.Supp.2d 451, 454 n.1 (D.N.J. 2009) ("[T]he FTCA does not create a private right of action.") (collecting cases). Accordingly, any claim brought under the FTCA fails as a matter of law and should be dismissed. Additionally, while Tufano's complaint asserts claims entitled "refusal to

deal" and "monopoly power," we note that the complaint contains no authority to support such claims. To the extent these claims are based on Tufano's allegations of a Sherman Act or FTCA violation, we have concluded that those claims fail as a matter of law.

Finally, with respect to Tufano's request for precomplaint discovery, we note that there is no private right of action under 231 Pa. Code § 4003.8. Rather, this Pennsylvania Rule of Civil Procedure simply allows plaintiffs to, upon the filing of a praecipe for a writ of summons, serve discovery before filing their complaints. *See* 231 Pa. Code Rule 4003.8 (providing that "[a] plaintiff may obtain pre-complaint discovery where the information sought is material and necessary to the filing of the complaint and the discovery will not cause unreasonable annoyance, embarrassment, oppression, burden or expense to any person or party"); *see also* Pa. R. Civ. P. 1007 (providing that an action may be commenced in Pennsylvania by filing a praecipe for a writ of summons or a complaint).

Accordingly, we conclude that the plaintiff's complaint fails to state a claim upon which relief may be granted. As such, we will recommend that this complaint be dismissed. However, while we have concluded that

Tufano's complaint does not state a claim at this time, recognizing that Tufano is a *pro se* litigant, we recommend that the court allow him an opportunity to amend his complaint to endeavor to state a claim upon which relief may be granted. *See Fletcher-Hardee Corp. v. Pote Concrete Contractors*, 482 F.3d 247, 253 (3d Cir. 2007); *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004).

## III.  <u>Recommendation</u>

Accordingly, IT IS RECOMMENDED that the plaintiff's complaint be DISMISSED WITHOUT PREJUDICE to the plaintiff endeavoring to correct the defects cited in this report, provided that the plaintiff acts within 20 days of any dismissal order.

The parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or

recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 5th day of November 2024.

_s/ Daryl F. Bloom_
Daryl F. Bloom
Chief United States Magistrate Judge